# IN THE COURT OF APPEALS OF IOWA

No. 18-0363
Filed June 6, 2018

**IN THE INTEREST OF R.T. and X.T.,**
**Minor Children,**

**J.T., Father,**
       Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A father appeals the order entered by the juvenile court terminating his parental rights to his children.  **AFFIRMED.**

Debra A. George of Griffing and George Law Firm, P.L.C., Centerville, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Julie R. De Vries of De Vries Law Office, P.L.C., Centerville, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A father had two children, born in 2014 and 2015.[1]  The department of human services twice investigated him for child abuse and twice issued founded reports naming him as the perpetrator.  The first report was based on the father's inattention to the older child's safety.  The second was filed after the younger child sustained an arm fracture that "appear[ed] to be non-accidental."  The juvenile court ordered the children temporarily removed from the parents' care.  They were placed with their maternal grandparents, where they remained throughout the proceedings.[2]  The court later adjudicated the children as children in need of assistance and eventually terminated both parents' parental rights to the children.

On appeal, the father (1) challenges "the circumstances which caused the removal" and "the court's rationale for continued removal"; (2) challenges the ground for termination cited by the juvenile court and contends the department of human services failed to make reasonable efforts toward reunification; (3) argues he should have been granted additional time to facilitate reunification; and (4) contends a guardianship, rather than termination of parental rights, was in the best interests of the children.[3]

## I.    *Removal*

The father argues, "[T]he circumstances which caused the [children's] removal were not sufficient for removal."  This issue is moot.  *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("A case is moot if it no longer

---

[1] A third child is not a subject of this appeal.
[2] For a period of time, the mother was afforded legal custody so long as she lived with her parents.
[3] The mother's parental rights were also terminated.  She did not file a notice of appeal.

presents a justiciable controversy because the issues involved are academic or nonexistent." (quoting *Iowa Bankers Ass'n v. Iowa Credit Union Dep't*, 334 N.W.2d 439, 442 (Iowa 1983))); *In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994) (finding parent's challenge to removal order moot where the court subsequently entered adjudicatory and dispositional orders). Accordingly, we decline to consider the father's challenge to the removal order.

## II.      Ground for Termination and Reasonable Efforts

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2017), which requires proof of several elements, including proof a child cannot be returned to the parent's custody. "[A]s part of its ultimate proof the child cannot be safely returned to the care of a parent," "[t]he State must show reasonable efforts" were made to reunify parent with child. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

The father argues the department did not make reasonable efforts toward reunification and, as a result, the State failed to prove this ground for termination. On our de novo review, we disagree.

The father tested positive for amphetamines before the inception of this action and tested positive a second time after the State filed the child-in-need-of-assistance petition. The department afforded him substance-abuse treatment, which he attended for almost three months.

The department facilitated the father's participation in a "Parents as Teachers" program, but the father's work schedule precluded ongoing attendance.

The department also facilitated weekly supervised visits with the children. The father complains the visits were too short, but he often left before the end of

the two-hour sessions. He also asserts he lacked transportation to attend visits. However, the department arranged for the service providers to travel two hours to facilitate visits.

Initially, the father's participation in the visits was "sporadic." Although his attendance improved in the two months preceding the termination hearing, his supervision skills remained deficient. Despite the service provider's instruction and modeling of appropriate behavior, the father often failed to monitor the children and the service provider had to "interven[e] in a lot of situations."

The father maintains the department's parenting training failed to accommodate his restrictions arising from a head injury. To the contrary, the department social worker in charge of the case testified she was aware of his memory problems and "talk[ed] at length with the providers and expressed that they needed to either look through their information . . . or go online and print out pictures, such as step-by-step [instructions] on how to bathe a child, . . . how to get them ready for bed, . . . [and] how to prepare food."

The record supports the juvenile court's finding that the department made reasonable efforts to reunify the family. The record also supports the court's determination that the children could not be returned to the father's custody at the time of the termination hearing or in the imminent future.

### III.    Additional Time for Reunification

The father contends that, in light of his recent progress, commitment to sobriety, and the bond he shared with the children, he should have been granted an additional six months to work toward reunification. Iowa Code section 232.104(2)(b) affords courts this option, but the statute requires the court to

determine the need for removal will no longer exist at the end of the extension. The court was unable to make such a finding. We agree the father's belated progress in certain areas was insufficient to warrant an extension of time, given his lack of significant progress in appropriate parental supervision of the children. We affirm the juvenile court's denial of a six-month extension.

## IV.    *Guardianship*

The father contends the juvenile court should have ordered a guardianship with the maternal grandparents in lieu of terminating his parental rights. "[W]e have said time and time again that a guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017) (citing cases). The juvenile court found:

> The children are doing very well in the home of their maternal grandparents, are ages 3 and 1 respectively, are in need of a truly permanent home, and while they do have some special needs those issues are being appropriately addressed and would not in any way prevent them from being adopted either by their grandparents or some other loving family. So, while the parents are bonded and love their children there is no credible evidence to show a termination of parental rights would be unduly detrimental to the children.

We concur in this assessment.

We affirm the termination of the father's parental rights to these two children.

**AFFIRMED.**